IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTONIO NESHELL WEAKLEY MYERS PLAINTIFF

VS. CIVIL ACTION NO. 3:10cv53-DPJ-FKB

THE MISSISSIPPI OFFICE OF CAPITAL POST-CONVICTION COUNSEL DEFENDANT

MEMORANDUM OPINION AND ORDER

This employment dispute is before the Court on Defendant's motion for summary judgment [6]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be granted as to all federal claims. The Court declines supplemental jurisdiction as to Plaintiff's state law claims, if any.

## I. Facts/Procedural History

Plaintiff Antonio Neshell Weakley Myers claims that she was subjected to a sexually hostile work environment at the Mississippi Office of Capital Post-Conviction Counsel ("MOCPCC") and was later discharged in retaliation for her opposition to the harassment. The MOCPCC was established by the Mississippi Legislature in 2000 and is codified at sections 99-39-101 through 99-39-119 of the Mississippi Code of 1972, as amended. After exhausting her administrative remedies, Plaintiff filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); 42 U.S.C. §§ 1981, 1983, and 1985; various provisions of the United States Constitution; and unspecified provisions of the Mississippi Constitution. Defendant has moved for summary judgment stating that it is not a statutory employer and that Plaintiff's other claims fail as a matter of law. This Court has both subject matter and personal jurisdiction, and the motion is ripe for consideration.

## II. Standard

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Plaintiff's primary response to Defendant's motion is that it is premature. However, Rule 56(c)(1)(A) states that "a party may move for summary judgment at any time . . . ." It is well established in the Fifth Circuit that "Rule 56 does not require that any discovery take place before

summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Although a party may seek summary judgment at any time, Rule 56(f) provides a safe harbor for nonmovants who can demonstrate that discovery is necessary to produce affidavits or other evidence in compliance with Rule 56(e). In this case, Plaintiff made no Rule 56(f) motion and failed to provide an affidavit as required by the rule. In addition, she failed to present any of the necessary information that might allow this Court to sua sponte convert her response into a Rule 56(f) motion. Rule 56(f) "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (quotation marks and citation omitted). Here, Plaintiff merely states that discovery is incomplete. That is not sufficient. *See Washington*, 901 F.2d at 1285 (5th Cir. 1990) (affirming denial of Rule 56(f) motion and noting that "nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts"); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (same).[1]

Although Plaintiff claims the motion is premature, she nevertheless responds. However, much of her response offers nothing more than the unsubstantiated assertions and legalistic arguments of counsel. Again, this is not sufficient to create an issue for trial. *TIG Ins. Co.*, 276 F.3d at 759.

---

[1]Even if Plaintiff moved under Rule 56(f), the questions presented herein are legal, and it is not apparent how additional discovery would advance Plaintiff's case. *See Fullerton v. Merlin C. Reiser & Merco, L.L.C.*, No. 3:08CV151 DPJ-JCS, 2008 WL 5246128, at *2 n.2 (S.D. Miss. Dec. 12, 2008) (denying Rule 56(f) request and noting failure to demonstrate how discovery would enable Plaintiff to respond to purely legal issues).

## III. Analysis

### A. Federal Claims

#### 1. Title VII

Employees may bring claims under Title VII against employers. Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). Whether Defendant employs the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief" for which she has the burden of proof at trial. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 516 (2006). Here, Defendant is statutorily limited to less than fifteen employees. Miss. Code Ann. § 99-39-103 ("This office shall consist of three (3) attorneys, one (1) investigator, one (1) fiscal officer and one (1) secretary/paralegal."). Moreover, Defendant offered an unrebutted affidavit stating that the number of employees within the MOCPCC has never exceeded Title VII's statutory threshold.

Plaintiff presents no record evidence contesting the number of employees working for the MOCPCC. Instead, she argues that the motion is premature and that the number of employees is a question of fact that can only be decided by a jury. This argument is unavailing under Rule 56. "The non-moving party must . . . come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508. Plaintiff has the burden of proof on this issue and has offered no facts suggesting that Defendant ever employed more than its statutory maximum number. She has not created a genuine issue of material fact.

Next, Plaintiff makes a "single employer" argument contending that the MOCPCC's employees should be aggregated with other state employees to reach the statutory minimum. Pl.'s Resp. [10] at 6. In doing so, Plaintiff ignored precedent from the Fifth Circuit Court of Appeals and instead relied on *Lewis v. McDade*, a 1999 district court case from Georgia. 54 F. Supp. 2d 1332, 1341 (N.D. Ga. 1999). In *Trevino v. Celanese Corp.*, the Fifth Circuit Court of Appeals identified a "single employer" test for use in determining when two *private* entities should be aggregated for the purposes of determining employer status under Title VII. 701 F.2d 397 (5th Cir. 1983). Under *Trevino*, the court considers (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Id.* at 404.

Significantly, however, the Fifth Circuit does not apply "single employer" analysis to governmental employers. *See Garrett-Woodberry v. Miss. Bd. of Pharmacy*, 300 F. App'x 289, 291-92 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2416 (2009) (affirming summary judgment and holding that "it seems clear that the 'single employer' test should not be applied here, as the Board is a state agency and is thus a governmental agency or subdivision"). Although *Garrett-Woodberry* was not selected for publication, it cites other binding and non-binding Fifth Circuit opinions. *Id*. (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007) (holding that "a government employer . . . may not be considered part of an integrated enterprise under the *Trevino* framework"); *Karagounis v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, No. 97-50587, 1999 WL 25015, at *2 (5th Cir. Jan. 5, 1999) (refusing to aggregate the employees of a governmental subdivision in the context of Title VII); *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 980 n.9 (5th Cir. 1980) (declining to apply the test with regard to the employees of

a town, state, and county)); *see also Gogreve v. Downtown Dev. Dist.*, 426 F. Supp. 2d 383, 389-90 (E.D. La. 2006) (Africk, J.) (citing circuit court decisions in holding that the joint employer test may not be applied to governmental subdivisions). The MOCPCC is a separate and distinct entity under Mississippi law created pursuant to sections 99-39-101 *et seq*. *Trevino* does not apply.

Even assuming *Trevino* should apply, it has not been met. Defendant presented a competent affidavit stating that it

> makes autonomous decisions concerning its employees, including hiring, transfers, promotions, discipline, and discharges. It maintains the personnel records on its employees including leave requests, leave balances, and employee time records. The Mississippi Office of Capital Post-Conviction Counsel independently prepares an annual budget and operates its own budget. It maintains separate bank accounts for its funds.

Def.'s Mem. [6] Ex. A (Swartzfager Aff.) ¶5. This evidence tracks the evidence this Court considered in *Garrett-Woodberry v. Mississippi Board of Pharmacy*. No. 3:07cv4 DPJ-JCS, 2008 WL 872444, at *3 (S.D. Miss. Mar. 27, 2008), *aff'd*, 300 F. App'x 289 (5th Cir.) (finding no interrelation of operations where the "record evidence demonstrates that the Board makes autonomous decisions concerning its employees, including hiring, transfers, promotions, discipline, and discharges" and "[t]he Board maintains the personnel records on its employees, including leave requests and time records.").

Plaintiff contests this record with her own affidavit suggesting certain ways in which she may have interacted with other state entities. In addition, under the statutory framework, the MOCPCC is funded by the State and its director is appointed by the Governor. *See* Miss. Code Ann. §§ 99-39-101 *et seq*. However, under *Trevino* it is the "[a]ttention to detail, not general

oversight, [that] is the hallmark of interrelated operations." 701 F.2d at 404; *see also Lusk v. Foxmeyer Health Corp*., 129 F.3d 773, 778 (5th Cir. 1997). More significantly, there is no proof of centralized control of labor relations. *Trevino*, 701 F.2d at 404. This is the "crucial factor of the 'single employer' test," *Garrett-Woodberry*, 300 F. App'x at 292, and it has been "refined into an inquiry about what entity made the final decisions regarding employment matters related to the person claiming discrimination." *Johnson v. Crown Enters., Inc*., 398 F.3d 339, 343 (5th Cir. 2005) (quotation marks and citations omitted).

In this case, Mississippi law states that MOCPCC employees "shall serve at the will and pleasure of the [MOCPCC] director." Miss. Code Ann. § 99-39-103. In addition, Defendant's supporting affidavit states that the MOCPCC had autonomy over employment decisions. Finally, Plaintiff's affidavit fails to even suggest that the relevant decisions were made outside the MOCPCC. Factual controversies are to be resolved in favor of the nonmovant "only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. Plaintiff has presented no facts to create a dispute as to the crucial *Trevino* factor, and the remaining *Trevino* factors are not analogous in the governmental context.

In summary, the "single employer" theory is not applicable to governmental entities, but even if it were, its application has not been established under *Trevino* and the Rule 56 standard. *See* *Garrett-Woodberry*, 300 F. App'x at 292 (finding no proof of centralized labor relations where "record evidence demonstrates that the Board makes autonomous decisions concerning its employees, including hiring, transfers, promotions, discipline, and discharges"). Having failed to create a jury question as to the MOCPCC's "employer" status, Plaintiff's Title VII claim must be dismissed.

2. Section 1983[2]

Section 1983 provides no cause of action against a state or an arm of the state because they are not considered "persons" acting under color of law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Defendant claims that it is an arm of the state not subject to § 1983, and Plaintiff never challenges that assertion. Instead, Plaintiff cites *Oden v. Oktibbeha County*, where the plaintiff brought a § 1983 claim against a county and certain county officials. 246 F.3d 458, 462 (5th Cir. 2001). According to Plaintiff, "[s]eemingly, the Plaintiff in *Oden* did in fact bring an action against the state agency and state official (county and sheriff department), and was awarded damages by the *Oden* court. Therefore, Defendant's motion for summary judgment should be denied." Pl.'s Resp. [10] at 9. The flaw in the argument goes to the heart of the Defendant's motion in this case. Counties and county officials like those in *Oden* are considered to be "persons" under § 1983, whereas the state and arms of the state are not. *Will*, 491 U.S. at 70; *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (holding that "Congress *did* intend . . . local government units to be included among those persons to whom § 1983 applies"). Because MOCPCC is an arm of the state, it is not a "person" under § 1983, and Plaintiff's § 1983 claim must therefore be dismissed.[3]

---

[2] Section 1983 states in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

[3]Plaintiff never addressed, and therefore conceded, Defendant's argument that it is an arm of the state. Even if contested, the result would be the same when considered under the six-factor test discussed in cases such as *Minton v. St. Bernard Parish School Board*, 803 F.2d 129,

3. Section 1981[4]

Section 1981 "implicitly created an independent cause of action against *private* actors because no other statute created such a remedy." *Oden*, 246 F.3d at 463 (emphasis added). Defendant contends that Plaintiff may not pursue a claim under § 1981 because it creates no right of action against *state* actors separate from § 1983. Plaintiff did not contest this legal argument which otherwise appears to be meritorious. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor ."); *Oden*, 246 F.3d at 463 (holding that *Jett* has not been

---

131 (5th Cir. 1986). Most significantly, the MOCPCC clearly has a statewide function; it operates through a legislatively created fund held in the State Treasury and funded in part through Legislative appropriation and "state assessments"; and it is required to purchase a surety bond from the state fund payable to the state. *See* Miss. Code Ann. §§ 99-19-73, 99-39-113, 99-39-117(2). Other factors are either neutral or fail to outweigh those addressed above.

[4]Section 1981 states in relevant part as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

. . .

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

legislatively overruled and that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law"); *see also King v. Louisiana*, 294 F. App'x 77, 84 n.9 (5th Cir. 2008) (citing *Oden* and holding as to claim against a state that "section 1981 claims against . . . state actors are properly considered under 42 U.S.C. § 1983, because section 1981 does not provide a separate cause of action against governmental entities"); *Hervey v. Miss. Dep't of Educ.*, No. 3:08cv180-DPJ-JCS, 2010 WL 88901, at *7 (S.D. Miss. Jan. 6, 2010) (finding that plaintiff could not assert § 1981 claim against arm of the state) (citations omitted).

4. Section 1985[5]

Plaintiff also pursues a conspiracy claim under § 1985(3). The language in § 1985(3) "requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or . . . class-based, invidiously discriminatory animus behind the conspirator's action." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Defendant contends that there is no such evidence in this record, and Plaintiff failed to respond. Plaintiff has the duty to direct the Court to evidence in the record creating a disputed question of material fact. *Celotex*, 477 U.S. at 323. She failed to do so, and Defendant's motion is due to be granted.

---

[5]Section 1985(3) states in relevant part as follows:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

C. Punitive Damages

Defendant seeks summary judgment as to Plaintiff's claims for punitive damages. Plaintiff did not contest this legal argument, which otherwise appears meritorious. *See Oden*, 246 F.3d at 465–66.[6]

D. State Law Claims

Having dismissed the only claims for which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, if any, and dismisses such claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Although the Court would have discretion to maintain these claims, it declines to do so given the status of the record. First, the basis of the state law claims is not apparent. Plaintiff merely states that Defendant violated unspecified provisions of the Mississippi Constitution. Second, Defendant bases its motion with respect to these claims on section 11-46-9(1)(d) of the Mississippi Code, which provides immunity for discretionary functions. Defendant is clearly correct that the decision to terminate employment, if that is the basis of the state law claim, would be subject to immunity. *See DePree v. Saunders*, No. 2:07cv185KS-MTP, 2008 WL 4457796, at *9 (S.D. Miss. Sept. 30, 2008) ("An employment decision is a classic discretionary function." (citing *Levens v. Campbell*, 733 So. 2d 753, 764 (Miss. 1999) (finding "duties as to employee hiring were discretionary"); *Staheli v. Smith*, 548 So. 2d 1299 (Miss. 1989) (finding evaluation of personnel is a discretionary

[6]Defendant also moved to dismiss claims under the United States Constitution because the create no private cause of action as pled. However, it appears from Plaintiff's Complaint that she cited the constitutional provisions as underlying violations in support of her federal statutory claims such as § 1983. This interpretation is buttressed by the fact that Plaintiff provided no response to this portion of Defendant's motion, which is a purely legal question. To the extent such claims were intended, they were abandoned, and Defendant's motion otherwise appears meritorious.

function); *Miss. Forestry Comm'n v. Piazza*, 513 So. 2d 1242 (Miss. 1987))). However, Plaintiff also complains of sexual harassment in her factual averments, and Defendant has not cited authority suggesting that such actions are discretionary. Given these uncertainties and the dismissal of all federal claims, the Court declines to exercise supplemental jurisdiction.

**IV. Conclusion**

Based on the foregoing, the Court finds that Defendant's motion should be granted. Plaintiff's federal claims are dismissed with prejudice, and Plaintiff's state law claims are dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of May, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE